**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-CR-118-TCK |
| ) | (06-CV-410-TCK-FHM) |
| FREDDY LUGENE DENNIS, ) | |
| ) | |
| Defendant. ) | |

### OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 16) filed by Defendant Freddy Lugene Dennis ("Defendant" or "Dennis"). Defendant filed a brief in support of his motion (Dkt. # 17). The government filed a response (Dkt. # 20). Defendant filed a reply (Dkt. # 25). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

### *BACKGROUND*

The record for this case demonstrates that on September 7, 2005, Defendant pled guilty to Possession With Intent to Distribute Cocaine (Count 2), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 4). On December 6, 2005, the Court sentenced Defendant to 27 months imprisonment on Count 2, and to 60 months imprisonment on Count 4, to be served consecutively, for a total term of 87 months imprisonment. See Dkt. # 13. He was also sentenced to 3 years supervised release on Count 2, and to 5 years supervised release on Count 4, to be served concurrently, for a total term of 5 years supervised release. Judgment and Commitment (Dkt. # 14) was entered on January 3, 2006. Dennis was represented during criminal proceedings by retained counsel Jerry Truster.

Defendant did not file a direct appeal to the Tenth Circuit Court of Appeals. On August 7, 2006, Defendant, appearing *pro se*, filed the 28 U.S.C. § 2255 motion presently before the Court. He identifies two (2) grounds of error as follows:

Ground one: Ineffective assistance of counsel during Rule 11 plea hearing, and wrongly advising Petitioner of minimum and maximum.
Counsel misled Mr. Dennis into believing that his maximum sentence would have been life had he pursued his option to go to trial, thus placing a certain fear of receiving more time.

Ground two: Counsel deprived Mr. Dennis of his due process right protected by the Fifth Amendment of the U.S. Constitution, by accepting plea.
Mr. Jerry E. Truster violated Mr. Dennis' procedural rights, when counsel failed to investigate the § 924(c) charge, when it was evident that the government couldn't prove beyond a reasonable doubt that Mr. Dennis possessed a firearm in furtherance of drug trafficking crime.

(Dkt. # 16). In response to the claims of ineffective assistance of counsel, the government asserts that the claims lack merit and Defendant is not entitled to relief. See Dkt. # 20.

## *ANALYSIS*

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Ineffective assistance of counsel claims lacks merit**

Defendant alleges his attorney provided ineffective assistance. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). Moreover, a defendant who challenges the validity of a guilty plea on the basis of ineffective counsel "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### *1. Improper inducement to plead guilty*

As his first ground of error, Defendant complains that his attorney improperly induced him to plead guilty by advising him that the crime of possession of a firearm in furtherance of a drug trafficking crime carried a maximum sentence of life imprisonment. In support of this claim, Defendant relies on United States v. Harrington, 354 F.3d 178 (2d Cir. 2004).

In Harrington, the indictment did not specify the quantities of the drugs the defendant was charged with distributing and the defendant never allocated as to any specific drug quantity. Id. at 180. Under the facts of the case, the actual sentence range faced by the defendant for the crimes charged was 0-30 years imprisonment, not 20 years to life as he had been informed. Id. at 184. Thus, in finding the defendant entitled to relief, the Second Circuit Court of Appeals found that Fed. R. Crim. P. 11(b) (requiring a court to inform the defendant of, and ensure that the defendant understands, the maximum possible penalty that he faces prior to accepting his guilty plea) had been violated.

Unlike the defendant in Harrington, Defendant was not misinformed as to the sentencing range for the charged violation of 18 U.S.C. § 924(c). The maximum penalty for a violation of § 924(c)(1) is life imprisonment. United States v. Bowen, 527 F.3d 1065, 1074 n.7 (10th Cir. 2008) (citing United States v. Avery, 295 F.3d 1158, 1170 (10th Cir. 2002)). Furthermore, Defendant was correctly informed that the mandatory minimum sentence he faced was five (5) years imprisonment and that the sentence for the § 924(c) violation would be served consecutive to any other term of imprisonment. Under Fed. R. Crim. P. 11(b)(1)(H) and (I), the Court is required to inform the defendant of, and determine that the defendant understands, the maximum possible penalty and any mandatory minimum penalty. The record reflects that Defendant was properly advised of the

4

sentence ranges he faced and that he acknowledged that he understood and voluntarily agreed to plead guilty. See Dkt. # 11-2, 11-3. The Court finds no basis for Defendant's claim that he was improperly induced to plead guilty based on misinformation provided by his attorney. Applying the Strickland standard, the Court further finds that counsel did not perform deficiently. The Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 based on this claim of ineffective assistance of counsel.

### *2. Failure to investigate facts supporting charge under 18 U.S.C. § 924(c)*

As his second ground of error, Defendant complains that his attorney provided ineffective assistance in failing to investigate the facts supporting the charge under 18 U.S.C. § 924(c). Defendant contends that he did not possess a .357 magnum revolver "in furtherance of" a drug offense because there was no relationship between the firearm and the drugs. According to Defendant, the .357 magnum revolver was found in a locked safe located in the master bedroom at his residence while 255 grams of powder cocaine was found in his mini van located outside the residence. As a result, Defendant claims there was no evidence that he possessed the handgun in furtherance of a drug trafficking crime. See Dkt. # 17.

In response to the § 2255 motion, the government acknowledges that the .357 magnum revolver was found in a locked safe in the master bedroom while the powder cocaine was found outside the house in a 1989 mini van. However, the government provides a Tulsa Police Department Supplemental Offense Report listing the evidence recovered from the residence and various vehicles during the execution of a search warrant. See Dkt. # 20, Ex. 1. The evidence included the .357 magnum revolver found in a locked safe within a wooden bench in the master bedroom. Within the same wooden bench, police also recovered fourteen (14) bags containing 670.26 grams of marijuana,

5

$10,310 in cash, three (3) sets of scales, two (2) open boxes of baggies, and a black holster and belt, along with seven (7) speed loaders containing 39 rounds of .357 caliber ammunition. Id. The police found the key to the safe on the set of keys taken from the vehicle occupied by Defendant at the time of his arrest. Id. As part of his guilty plea, Defendant executed a plea agreement. See Dkt. # 11-2. In the plea agreement, Defendant admitted that he "possessed the revolver in furtherance of selling cocaine in order to protect myself, the drugs, and the money I made from selling drugs." Id.

To satisfy the "in furtherance" element, the government must show that "the weapon furthered, promoted or advanced a drug trafficking crime." United States v. Poe, 556 F.3d 1113, 1127 (10th Cir. 2009) (quoting United States v. McCullough, 457 F.3d 1150, 1169-70 (10th Cir. 2006)). This standard is satisfied if the firearm was kept available for use should it be needed during a drug transaction, and the defendant intended the firearm to be accessible for that purpose. United States v. Robinson, 435 F.3d 1244, 1251 (10th Cir. 2006) (citing United States v. Basham, 268 F.3d 1199, 1208 (10th Cir. 2001)). In determining whether the weapon "furthered, promoted or advanced" a drug trafficking crime, a court should consider a number of factors including: (1) the type of drug activity conducted, (2) the accessibility of the firearm, (3) the type of firearm, (4) the legal status of the firearm, (5) whether the firearm was loaded, (6) the proximity of the firearm to drugs or drug profits, and (7) the time and circumstances under which the firearm was found. McCullough, 457 F.3d at 1170.

In this case, the evidence demonstrates that Defendant possessed the firearm in close proximity to drugs, drug proceeds, and drug paraphernalia. The holster and belt, and the 39 rounds of ammunition found in seven (7) separate speed loaders indicate that Defendant intended to carry the revolver to protect the drugs, the drug proceeds, and himself and to keep the revolver available

for use during a drug transaction. The evidence was sufficient to support the "in furtherance" element required under 18 U.S.C. § 924(c). Applying the Strickland standard, the Court finds that counsel did not perform deficiently. The Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 based on this claim of ineffective assistance of counsel.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claims asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 16) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 9th day of September, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE